IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATHAN HORATSCHKI, on behalf of Plaintiff and the class members described herein, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:25-cv-00523-JRS-MG ) |
| v. | ) ) |
| WAHIDO LENDING, doing business as RIVER VALLEY LOANS; CREDITSERVE, INC.; ERIC WELCH; VIKING CLIENT SERVICES, LLC, doing business as VIKING BILLING SERVICES and VIKING PAYMENT SERVICE; LEAD ENVY, LLC doing business as TEKAMBI; and JOHN DOES 1-20; | ) ) ) ) ) ) DEMAND FOR TRIAL BY JURY ) ) ) ) ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR DISCOVERY
AND TO STRIKE WAHIDO LENDING'S REPLY BRIEF AND ACCOMPANYING
DECLARATION IN SUPPORT OF ITS MOTION TO DISMISS**

Wahido filed a motion to dismiss on the ground of immunity that was not based on any competent evidence. As a result, Plaintiff merely responded that its motion was not supported by competent evidence.

Wahido then attaches to its reply brief a conclusory, attorney-drafted affidavit asserting that Wahido is entitled to sovereign immunity. The affidavit does not meet Plaintiff's allegations – for example, it does not explain the roles of non-native Americans Eric Welch, Viking Client Services, or Lead Envy in making the usurious loans at issue. Wahido then asserts that it is too late for Plaintiff to ask for discovery to challenge the belatedly-supplied evidence.

Wahido's behavior is unfair and an invitation to reversible error. "Due process, we have cautioned, requires that a plaintiff be given an opportunity to respond to an argument or evidence

1

raised as a basis to dismiss his or her claims. . . . we hold that the district court deprived Meinders due process by entering judgment against him on law and facts to which he did not have a full and fair opportunity to respond." *Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015). "District courts abuse their discretion when they deny a party a chance to respond to new arguments or facts raised for the first time in a reply brief in support of a motion for summary judgment and subsequently enter judgment on the basis of those new arguments or facts." *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959, 968-969 (7th Cir. 2020). *Accord, Black v. TIC Inv. Corp.,* 900 F.2d 112, 116 (7th Cir. 1990) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond.").

The roles of Eric Welch, Viking Client Services, and Lead Envy are critical. So is "who gets the money."

Assume, as we believe to be the case here, that of every $100 collected on the "Wahido" loans, non-native Americans who create its website, set the criteria for loans, underwrite them, and collect them get $95 or more pursuant to contractual arrangements and Wahido receives a small percentage. This is typically done by having the non-native Americans and their entities get their $95 before any money reaches Wahido. Such facts would defeat any claim that tribal sovereign immunity should be extended to Wahido, which is not itself a tribe. *Finn v. Great Plains Lending, LLC*, 689 Fed. Appx. 608 (10th Cir. 2017); *Gibbs v. Plain Green LLC*, 331 F. Supp. 3d 518 (E.D.Va. 2018); *Williams v. Big Picture Loans, LLC,* Nos. 3:17cv461 and 3:18cv406, 2020 U.S. Dist. LEXIS 216792, 2020 WL 6784352 (E.D. Va. Nov. 18, 2020).

Wahido's further claim that a motion to strike is only proper insofar as authorized by Fed.R.Civ.P. 12(f) is wrong. A motion to strike is an appropriate means of challenging the presentation of evidence or testimony that should not be considered for any reason. *United States v. Alhalabi*, 443 F.3d 605, 615 (7th Cir. 2006); *Bradley v. Work*, 154 F.3d 704, 707 (7th Cir. 1998). It is used for that purpose at trial or in connection with summary judgment or other evidentiary motions.

2

WHEREFORE, the Court should strike the reply brief and accompanying declaration filed by Wahido Lending in support of its motion to dismiss, (Dkt. Nos. 33, 33-1), and permit jurisdictional discovery.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Heather A. Kolbus
Alexandra Huzyk
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
dedelman@edcombs.com
hkolbus@edcombs.com
ahuzyk@edcombs.com

**CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on July 2, 2025, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which sent notice via email to all counsel of record. In addition, copies were sent via U.S. Mail to:

Viking Client Services, LLC d/b/a Viking Billing Services and Viking Payment Service
10050 Crosstown Circle, Suite 300
Eden Prairie, MN 55344

Lead Envy, LLC d/b/a Tekambi
c/o Registered Agent, Corporate Creations Network, Inc.
1521 Concord Pike, Suite 201
Wilmington, DE 19803

*/s/ Daniel A. Edelman*
Daniel A. Edelman